NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INEZ VELEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-1600

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01230-EGB, Judge Eric G. Bruggink.

---

Decided: June 10, 2016

---

INEZ VELEZ, Bronx, NY, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

Before NEWMAN, SCHALL, and TARANTO, *Circuit Judges.*

PER CURIAM.

## DECISION

Inez Velez appeals the order and judgment of the United States Court of Federal Claims dismissing her complaint for lack of jurisdiction. *Inez Velez v. United States*, No. 15-1230C, slip op. at 2 (Fed. Cl. Jan. 8, 2016). We *affirm*.

## DISCUSSION

### I.

Ms. Velez filed suit in the Court of Federal Claims on October 21, 2015. In her complaint, she sought either $280 million or $820 billion in damages for injuries suffered throughout her life as a result of alleged negligent medical care provided to her while she was in hospitals and mental care facilities in New York and Puerto Rico. She also alleged that "the state" failed to protect her while she was in its custody and that "the state" had covered up a sexual assault she experienced in 1953. On January 8, 2016, the Court of Federal Claims issued an order stating that it lacked jurisdiction and directing the clerk of the court to dismiss Ms. Velez's complaint. *Id.* The court explained that, because the complaint asserted claims sounding in tort, it did not have jurisdiction over the suit. *Id.* This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

### II.

The Court of Federal Claims derives its jurisdiction (which is the power to hear a case) from the Tucker Act. The Tucker Act provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either

upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.

28 U.S.C. § 1491(a)(1) (emphasis added).

The plain language of the Tucker Act excludes claims sounding in tort from the jurisdiction of the Court of Federal Claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). We have reviewed Ms. Velez's complaint and have considered the arguments she makes on appeal. It is clear that all the claims she makes sound in tort. They are thus outside the jurisdiction of the Court of Federal Claims. The court, therefore, did not err in ordering the dismissal of her complaint.

For the foregoing reasons, the order and judgment of the Court of Federal Claims dismissing Ms. Velez's complaint are affirmed.

**AFFIRMED**

No costs.